Patricia Prickette WEAVER, Appellant,

v.

The CITIZENS NATIONAL BANK OF WACO, Appellee.

No. 5210.

Court of Civil Appeals of Texas, Waco.

Jan. 25, 1973.

Rehearing Denied Feb. 22, 1973.

Haynes & Fullenweider, R. Mayo Davidson, Houston, for appellant.

Sheehy, Cureton, Westbrook, Lovelace & Nielsen, W. E. Cureton, Waco, for appellee.

VIC HALL, Justice.

Plaintiff-appellee, The Citizens National Bank of Waco, is independent executor and trustee under the will and of the estate of B. E. Prickette, deceased. Mrs. Louise H. Prickette, wife of B. E. Prickette, was the sole beneficiary of the trust. She is now deceased, and the bank is prepared to distribute the trust property. Allegedly threatened with litigation by some of the remaindermen named in Mr. Prickette's will, the bank brought this action for a declaratory judgment of the rights of the parties and its responsibilities insofar as the estate of Mrs. Prickette is concerned.

We find no dispute in the material facts.

On August 6, 1963, in the office of their attorney, Mr. and Mrs. Prickette executed separate typewritten, self-proved [1] wills. Each owned only community property.

Mr. Prickette devised all of his property to the plaintiff, in trust, and provided in his will that "all my estate and property and all property of my wife transferred by her to such trustee shall be held, administered, distributed and disposed of as follows:

"(a) If my wife, Louise H. Prickette, survives me, the trustee shall pay to my wife * * * all or any part of the income which she shall desire * * * (and) * * * such sums from the principal of the trust as my trustee considers necessary or desirable for the medical care, comfortable maintenance and welfare of my said wife * * *.

"(b) Upon the death of my wife, Louise H. Prickette, and upon my death if my said wife shall not survive me, the trustee shall divide the trust estate, as then constituted, into four (4) separate shares" to be disbursed as follows: (1) one share to the Prickettes' daughter, Maybelle E. Mooney, if she be living, otherwise to her then living descendants *per stirpes;* (2) one share to their son, Bernard Earl Prickette, Jr., if he be living, otherwise to that son's then living descendants *per stirpes;* (3) one share

1. See V.A.T.S. Probate Code, Sec. 59.

to their son, Eugene Charles Prickette, if he be living, otherwise to that son's then living descendants, *per stirpes*; and (4) $1,000 shall be deducted from the fourth share and given to their son Gerald Lloyd Prickette in cash, and so much of the share remaining after the deduction shall be delivered to the then living descendants of Gerald Lloyd Prickette, *per stirpes*.

The dispositive clauses of Mr. Prickette's will were preceded by the statement that it was his intention to dispose of all of his estate "but it is not my intention to attempt herein to make disposition of the interest of my wife in our community property. By the terms of this will I am creating a trust so that The Citizens National Bank of Waco, Texas, as trustee will manage and handle my estate during the lifetime of my wife, Louise H. Prickette, if she shall survive me, and I am doing this with the full consent and approval of my wife because we believe such to be in her best interest in relieving her of the burden of management thereof and she has agreed and does hereby agree in signing her name hereinafter that if she shall survive me she will at the time this will is probated transfer to the Citizens National Bank of Waco, Texas, as trustee under such trust created in this will her interest in our community estate so that our entire estate may be managed, handled and distributed as provided in the trust provisions hereinafter set out."

Other provisions of Mr. Prickette's will granted plaintiff broad powers in the administration of the trust, and appointed it independent executor of the will.

Mrs. Prickette executed a typical short-form will in which she simply gave all of her property to her husband in fee simple, and appointed him independent executor of the will.

At the time of the making of the wills, Mrs. Prickette signed the following instrument (hereinafter referred to as the "third

instrument") which was at the time of its execution attached to Mr. Prickette's will:

"I, Louise H. Prickette, wife of B. E. Prickette, have read over the foregoing will of my husband, B. E. Prickette, and I am aware of the recitations of same with reference to my interest in the community estate of myself and my said husband, and of my agreement with reference thereto that the same shall be transferred and assigned by me to The Citizens National Bank of Waco as trustee to be managed, handled and ultimately distributed as provided in the trust provisions of the foregoing will of my said husband; and in consideration of my said husband having left the income from the entire trust estate for my use and benefit and in consideration of the terms and provisions of said will and the trust contained therein, I hereby agree that my interest in the community estate of myself and my said husband shall become a part of such trust estate and I agree to execute all instruments necessary to carry into effect this agreement immediately upon my husband's will being admitted to probate."

Its execution was duly acknowledged by Mrs. Prickette "privily and apart" from her husband.

The children mentioned in Mr. Prickette's will are the only children of Mr. and Mrs. Prickette and they are the sole heirs at law of Mrs. Prickette. Pamela Prickette Tucker, Gerald Saunders Prickette and the appellant, Patricia Prickette Weaver, are the only children born to Gerald Lloyd Prickette and they are all alive. The four children of B. E. and Louise Prickette and the three children of Gerald Lloyd Prickette are the defendants in this lawsuit.

B. E. Prickette died on June 6, 1968. Louise H. Prickette died on June 30, 1971. She left no will other than the one dated August 6, 1963. Plaintiff did not learn of the existence of Mr. Prickette's will until the month of July, 1971. Plaintiff then

made arrangements for the probate of the will, and it was admitted to probate in the McLennan County Court on August 26, 1971. Plaintiff did not receive the property constituting the estate of B. E. Prickette until September, 1971. No part of the estate of Louise H. Prickette has been transferred or delivered to plaintiff and it has neither claimed nor exercised any right, authority or direction over her estate. During Mrs. Prickette's lifetime, no action was made or taken on Mr. Prickette's will or on the third instrument. Mrs. Prickette's will has not been offered for probate. No administration has been taken on her estate, and there is no necessity therefor.

After pleading most of the facts we have recited, plaintiff alleged that some of the remaindermen under the will of B. E. Prickette were demanding that plaintiff treat the estates of Mr. and Mrs. Prickette as one, and were asserting that they were entitled to share in the estate of Mrs.' Prickette, on the ground that the execution of the third instrument by Mrs. Prickette constituted Mr. Prickette's will the joint will of the two or at least rendered their separate wills "mutual and contractual." Plaintiff pleaded that "if this plaintiff proceeds with the division of the Estate of B. E. Prickette as provided in his will, it is threatened with litigation by said parties." Plaintiff prayed for a declaration that the Prickette wills are not "joint, mutual and contractual," and that the third instrument is "invalid and unenforceable"; and that the court "fully and completely" declare the rights of the parties under the three instruments executed by the Prickettes.

Patricia Prickette Weaver, the only appellant, answered plaintiff's petition with a general denial.

Plaintiff filed a motion for summary judgment which was granted. The court held that the wills of Mr. and Mrs. Prickette and the third instrument "do not either collectively or separately constitute a joint, mutual and contractual will"; that the third instrument "is invalid and unenforce-

able"; that Mr. Prickette's will "is effective only as to his estate"; and that plaintiff "has no right or duty" relating to the estate of Mrs. Prickette.

It is our understanding that appellant does not now contend that Mr. Prickette's will is the joint or mutual will of Mr. and Mrs. Prickette. In any event, his will was not signed by Mrs. Prickette nor attested on her behalf, and therefore lacks formalities necessary to make it her will. However, appellant does assert that the court erred in summarily ruling that plaintiff holds no right or duty to require that Mrs. Prickette's estate be transferred into the trust for distribution, because (1) the wills executed by the Prickettes "constitute valid and enforceable mutual wills on their faces"; or (2) "a genuine issue of material fact exists as to whether a contract for mutual wills existed, which contract may be proved by extrinsic evidence"; or (3) a material fact issue exists as to the validity and enforceability of the third instrument.

In our opinion, the separate wills of Mr. and Mrs. Prickette are not mutual and the record does not raise a fact question as to their mutuality. There is nothing in either will to indicate that it was executed in consideration of the other. Under the provisions of Mrs. Prickette's will all of her property was left to her husband without reference to his will or to the trust and final disposition provisions set forth therein. If she had predeceased him, he would have been the sole owner of all their property without contractual obligation for its disposition.

■ In truth, appellant's asserted right to share in the estate of Mrs. Prickette—by forcing its transfer to the corpus of the trust for distribution under the terms of Mr. Prickette's will—hinges on the validity vel non of the third instrument. Plaintiff maintains that the instrument violated the provisions of Article 4610, Vernon's Texas Civil Statutes, at the time of its execution. We agree.

At the time of the execution of the third instrument, Article 4610[2] expressly prohibited parties intending to marry from entering into an agreement or making any renunciation "the object of which would be to alter the legal orders of descent, either with respect to themselves, in what concerns the inheritance of their children or posterity, which either may have by any other person, or in respect to their common children * * *." The courts extended this statutory prohibition to post-nuptial agreements as a matter of public policy. Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621, 625 (1957).

The terms of the third instrument, if complied with, will alter the legal orders of descent in what concerns the inheritance of the Prickettes' children. This is so, because its terms would require that Mrs. Prickette's community estate be transferred into the trust for distribution under the terms of Mr. Prickette's will. Under the terms of his will, their son, Gerald Lloyd Prickette, would receive $1,000 cash; but that child's share of his mother's community estate as her surviving heir would be delivered to his living descendants, and not to him, thereby altering the legal orders of descent according to our laws of inheritance.[3]

Thus, if we enforce the terms of the third instrument against Mrs. Prickette's estate as her contract, to the prejudice of her children, we will be enforcing a contract "in the teeth of Art. 4610." Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, 873.

 Appellant has two remaining complaints. She says the judgment should be set aside because the motion for summary judgment was heard without notice to her, in violation of Subd. (c) of Rule 166–A, Texas Rules of Civil Procedure; and because the judgment was rendered when she was without legal counsel "to the knowledge of appellee."

There is nothing in the record to support those complaints, and they are directly contradicted by recitals in the judgment and by instruments filed by appellant's attorneys within 20 days before and seven days after the date of judgment, which we shall not bother to detail. The recitals in the judgment are presumed to be true. Murchison v. Caruth Building Service, (Tex. Civ.App., 1963, writ ref., n.r.e.) 369 S.W. 2d 380, 384.

Appellant's points and contentions are overruled. The judgment is affirmed.

---

2. After substantial amendment by Acts 1967, 60th Leg., p. 735, ch. 309, sec. 1, this statute was repealed by Acts 1969, 61st Leg., p. 2707, ch. 888, sec. 6, eff. Jan. 1, 1970.

3. See V.A.T.S. Probate Code, Sec. 45.